**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4714**

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

      v.

BRANDON LASHAWN MCLAURIN,

                  Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem.   Thomas D. Schroeder, District Judge. (1:09-cr-00334-TDS-1)

Submitted:  March 31, 2011         Decided:  April 5, 2011

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Milton B. Shoaf, Jr., ADDISON & SHOAF, Salisbury, North Carolina, for Appellant.   Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Lashawn McLaurin appeals his 262-month sentence after pleading guilty pursuant to a plea agreement to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2010), and one count of possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A)(i) (West 2000 & Supp. 2010). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), indicating that he has examined the record and found no meritorious grounds for appeal, but indicating that McLaurin wishes to challenge whether the district court adequately considered the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors before imposing his sentence. McLaurin has not filed a pro se supplemental brief despite receiving notice that he may do so, and the Government declined to file a responsive brief. Finding no error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to

2

calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

If, and only if, this court finds the sentence procedurally reasonable can the court consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We presume that a sentence within the Guidelines range is reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

McLaurin's presentence investigation report ("PSR") properly calculated his total offense level at thirty-one and appropriately placed him in criminal history category VI, yielding a Guidelines range of 262 to 327 months. The district court adopted the PSR's factual findings and calculations at sentencing, afforded counsel an opportunity to argue regarding an appropriate sentence, afforded McLaurin an opportunity to allocute, considered the § 3553(a) factors before imposing McLaurin's sentence, and thoroughly explained its rationale for imposing McLaurin's particular sentence. See Carter, 564 F.3d at 330 (recognizing that the district court must "place on the record an individualized assessment based on the particular

3

facts of the case before it" and that the "individualized assessment . . . must provide a rationale tailored to the particular case at hand and [be] adequate to permit meaningful appellate review") (internal quotation marks and citations omitted). Because this court presumes McLaurin's within-Guidelines sentence is correct, and since McLaurin has presented no evidence to rebut this presumption, we affirm McLaurin's 262-month sentence. See Allen, 491 F.3d at 193.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McLaurin, in writing, of the right to petition the Supreme Court of the United States for further review. If McLaurin requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McLaurin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4